E-FILED
Tuesday, 05 January, 2016  02:56:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARY V. CROSS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-cv-1395 |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This disability benefits matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 15) and Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Affirmance (Doc. 16). Plaintiff seeks to overturn a final decision of the Commissioner of Social Security denying her disability benefits. (R. at 20). For the reasons stated below, the decision of the Administrative Law Judge ("ALJ") is affirmed. Therefore, Plaintiff's Motion for Summary Judgment (Doc. 15) is DENIED and Defendant's Motion for Summary Affirmance (Doc. 16) is GRANTED.

### PROCEDURAL HISTORY

On December 26, 2012, Plaintiff Mary Cross applied for Disability Insurance Benefits under the Social Security Act ("Act"), alleging she became disabled on April 1, 2011. (R. at 98). Her application for benefits was denied initially and upon reconsideration. (R. at 110, 127). A hearing was held on March 4, 2014, at Plaintiff's request. (R. at 29-73). Administrative Law Judge Diane Raese Flebbe (the "ALJ")

determined that Plaintiff was not disabled and denied benefits in a written decision dated May 22, 2014. (R. at 20). The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner of Social Security. (R. at 1-3). Plaintiff filed the present action on September 29, 2014, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Doc. 1).

## LEGAL STANDARDS

### I. Disability Standard

To be entitled to disability benefits under the Social Security Act, a claimant must prove he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). The Commissioner must make factual determinations in assessing the claimant's ability to engage in substantial gainful activity. *See* 42 U.S.C. § 405(b)(1). The Commissioner applies a five-step sequential analysis to determine whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520; *see also Maggard v. Apfel*, 167 F.3d 376, 378 (7th Cir. 1999). The claimant has the burden to prove disability through step four of the analysis, i.e., he must demonstrate an impairment that is of sufficient severity to preclude him from pursuing his past work. *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir. 1980).

In the first step, a threshold determination is made as to whether the claimant is presently involved in a substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not under such employment, the Commissioner of Social Security proceeds to the next step. *Id.* At the second step, the Commissioner evaluates the severity and duration of the impairment. 20 C.F.R.

§ 404.1520(a)(4)(ii). If the claimant has an impairment that significantly limits his physical or mental ability to do basic work activities, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520(c). If the claimant's impairments, considered in combination, are not severe, he is not disabled and the inquiry ends. *Id.* At the third step, the Commissioner compares the claimant's impairments to a list of impairments considered severe enough to preclude any gainful work; if the elements of one of the Listings are met or equaled, the claimant is eligible for benefits. 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1.

If the claimant does not qualify under one of the listed impairments, the Commissioner proceeds to the fourth and fifth steps, after making a finding as to the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). At the fourth step, the claimant's RFC is evaluated to determine whether he can pursue his past work. 20 C.F.R. § 404.1520(a)(4)(iv). If he cannot, then, at step five, the Commissioner evaluates the claimant's ability to perform other work available in the economy, again using his RFC. 20 C.F.R. § 404.1520(a)(4)(v).

## II.  Standard of Review

When a claimant seeks judicial review of an ALJ's decision to deny benefits, the Court must "determine whether it was supported by substantial evidence or is the result of an error of law." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). The Court's review is governed by 42 U.S.C. § 405(g), which provides, in relevant part: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Maggard*, 167 F.3d at 379 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In a substantial evidence determination, the Court will review the entire administrative record, but it will "not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In particular, credibility determinations by the ALJ are not upset "so long as they find some support in the record and are not patently wrong." *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994). The Court must ensure that the ALJ "build[s] an accurate and logical bridge from the evidence to his conclusion," but he need not have addressed every piece of evidence. *Clifford*, 227 F.3d at 872. Where the decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

## BACKGROUND

### I.    Impairments and Medical History

Plaintiff is a woman in her mid-thirties who alleges that various health impairments including but not limited to asthma, osteoarthritis, sleep apnea, obesity, high blood pressure, and gastrointestinal issues, all of which prohibit her from "working in a public place". (Doc. 15 at 1). Although she stated that she became disabled on April 1, 2011, she explained at her hearing before the ALJ that she did not stop working until September, 2012. (R. at 32-34). She stated that her daily functioning was more difficult because of pain and limitations caused by her conditions. She indicated that her mobility and range of motion were very limited

4

due to shortness of breath and chest pains. She reported that due to the pins in her hips, she had to take breaks while walking, and that she was limited due to problems with reading comprehension.

On June 12, 2012, Plaintiff complained of post meal abdominal pain and was referred to a gastroenterologist. (R. at 495). She was ultimately diagnosed with cholecystitis. (R. at 477). She later underwent laparoscopic cholecystectomy surgery for gallbladder removal on November 6, 2012, and her recovery was normal. At a follow-up examination on January 9, 2013, her pain was resolved and her symptoms were noted to be minimal.

However in February of 2014, Plaintiff was diagnosed mild gastroparesis, for which it was recommended that she follow an appropriate preventative diet and take Nexium. (R. at 433, 468 and 533). She also took Zoloft for nausea (R. at 533).

Plaintiff also alleged that she was disabled due to insomnia. She was diagnosed with that impairment in 2011 and prescribed Ambien, which she took until her prescription was switched to Lunesta in February, 2013. Her condition was stable on her prescribed medication. (R. at 413-14, 493). While she reported a history of insomnia at her April 2, 2014 exam, her doctor prescribed no treatment.

At a primary care examination on June 28, 2012, Plaintiff reported tonsil pain. (R. at 488-89). She was diagnosed with chronic tonsillitis and a combination tonsillectomy and adenoidectomy was recommended. At some point in 2012 she underwent that procedure successfully. (R. at 432, 536).

Plaintiff also periodically reported positive for bilateral edema in her lower extremities, and she was effectively treated with the prescribed medication,

Hydrochlorothiazide HCTZ. (R. at 470).

## II.  The ALJ's Decision

The ALJ issued her decision on May 22, 2014, denying Plaintiff's claim for benefits. (R. at 8-20). The ALJ applied the five-step process required by 20 C.F.R. § 404.1520, as outlined above. (R. at 8-20). Applying the first step, the ALJ found Plaintiff had not engaged in substantial gainful activity since the date of alleged onset of disability, April 1, 2011, running through a period of disability for which she had earned sufficient quarters of coverage ending on March 31, 2014. (R. at 10). The ALJ then determined that Plaintiff had the medically determinable impairments of moderate deformity of the left femoral head, mild deformity of the right femoral head, costochondritis, asthma, hernia, and obesity (R. at 10-12). However, she found further that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. at 12-13). The ALJ then found that Plaintiff retained the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she could occasionally push and/or pull, climb ramps and stairs, balance, stoop, kneel and crouch; she could never crawl, climb ladders, ropes or scaffolds or work in exposure to hazards such as dangerous machinery and heights; she had to avoid concentrated exposure to temperature extremes, humidity, vibrations, fumes, odors, dust, gases and other environmental respiratory irritants; and, she was limited to jobs that allowed for a language level of 3 or less and a mathematics level of 2 or less as described in the Selected Characteristics of Occupations Defined in the Revised Dictionary of

Occupational Titles ("SCO"). (R. at 13-19). The ALJ found that the Plaintiff was unable to perform any past relevant work under 20 C.F.R. § 404.1565 because her past relevant jobs as a cleaner/housekeeper and security guard were classified as light exertional work, which means their physical demands exceeded the Plaintiff's residual functional capacity. (R. at 19). However, the ALJ ultimately concluded that through the dated last insured, considering the Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could have performed. (R. at 19-20).

## DISCUSSION

### I. Jurisdiction

Plaintiff is proceeding in this appeal *pro se*. In her motion, she does not argue that the ALJ erred in her analysis or findings. Instead, she asks the Court to grant her wish for social security benefits. (Doc. 15 at 1, 2). It is not within the power of this court to grant social security benefits. Under 42 U.S.C. § 405(g), which confers upon district courts the power to hear social security disability benefit appeals, the court is only empowered to enter a judgment affirming, modifying, or reversing the final decision of the Commissioner of Social Security, not grant the benefits. It is the duty of the district court to "determine whether [the final decision of the Commissioner] was supported by substantial evidence or is the result of an error of law." *Rice*, 384 F.3d at 369. Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Maggard*, 167 F.3d at 379. In a substantial evidence determination, the Court reviews the entire

administrative record, but does "not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford*, 227 F.3d at 869.

The Commissioner recognizes the jurisdictional limitations of this Court and has requested the Court to dismiss the appeal because, in the Commissioner's view, Plaintiff is requesting relief that this Court may not grant. The Court decline to interpret the Plaintiff's *pro se* request so literally as to mean she is asking this Court to act beyond its jurisdictional limits. *Terrell v. Colvin*, No. 1:13-CV-01373-SLD, 2014 WL 3953713, at *1 (C.D. Ill. Aug. 13, 2014) ("A district court is 'required to liberally construe the pro se plaintiff's pleadings, however inartfully pleaded.'") quoting *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989). Instead, the Court interprets Plaintiff's request as nothing more than a request to ensure the ALJ's decision was supported by substantial evidence or was not the product of an error of law.

Therefore, the Court rejects the Commissioner's argument that it does not have jurisdiction to hear the Plaintiff's claim.

## II. Merits of the Plaintiff's Claim

Unfortunately, Plaintiff has not provided this Court with any argument or alleged points of error committed by the ALJ in rendering her opinion. All disability claimants, even those proceeding *pro se*, bear the burden of demonstrating that the ALJ committed reversible error in rendering her decision. *Woods v. Colvin*, No. 2:14-CV-83, 2015 WL 5773710, at *4 (N.D. Ind. Sept. 30, 2015) citing *Cadenhead v. Astrue*, 410 F. App'x 982, 994 (7th Cir. 2011) ("Appellants, including those who

are *pro se,* must present arguments supported by legal authority and citations to the record."); *McLachlan v. Astrue*, 392 F. App'x 493, 494 (7th Cir. 2010) (dismissing pro se appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error"). In this particular case, the Plaintiff has not even asserted a generalized claim of error. Therefore, any arguments she could have raised are waived.

The Court has reviewed the record and has not identified any legal errors nor factual findings unsupported by the record in the ALJ's opinion. The Court finds that the ALJ provided substantial evidence in support of her decision. Plaintiff has failed to demonstrate that the ALJ committed error at any step of her analysis, so this appeal must be dismissed and the ALJ's decision must be affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision denying disability benefits is affirmed. IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 15) is DENIED, and Defendant's Motion for Summary Affirmance (Doc. 16) is GRANTED.

CASE TERMINATED.

Entered this 5th day of January, 2016.

                                                    s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                     United States Senior District Judge